U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
ELECTRONICALLY FILED
CIVIL NO. 3:06-CV-458-R

ALEXANDRIA GLASER                                                      PLAINTIFF
750 Zorn Ave. #21
Louisville, Kentucky 40206


V.                              **COMPLAINT**


KENTUCKY COMMERCIAL SERVICES, INC.                      DEFENDANT
2008 Highland Ave.
Louisville, Kentucky 40204

      Serve:    Mr. Ronald Tasman
                    2008 Highland Ave.
                    Louisville, Ky. 402   04

AND

STONECREST CONDOMINIUM ASSOCIATION            DEFENDANT
P. O. Box 406711
Louisville, Ky. 402   04

      Serve:    Mr. Clay Morton
                    P. O. Box 406711
                    Louisville, Ky. 402   04

* * * * * * * * * * * * * * * * *

Comes the Plaintiff, Alexandria Glaser, by counsel, Hon. Wallace N. Rogers, and for her Complaint against the Defendants, states as follows:

**INTRODUCTION**

1.      This lawsuit involves a willful and knowing and/or negligent violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

## PARTIES

2.  The Plaintiff, Alexandria Glaser, is a natural person and resides within the jurisdiction of this court.

3.  The Defendants are business entities acting as debt collectors and are located within the jurisdiction of this court.

## JURISDICTION & VENUE

4.  The claims asserted herein arise pursuant to a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  Claims asserted pursuant to that statute are properly within the jurisdiction of this court.

5.  As indicated by the information defining of the parties, venue is properly within the jurisdiction of this court.

## PLAINTIFF'S STATEMENTS OF FACTS

6.  Ms. Glaser states that on or about July 6, 2005 she received a letter from Stonecrest Condominiums, at the request of "KCS", alleging that she had broken a lock on the gate to the condominium swimming pool area and requested that Ms. Glaser be responsible for payment for repairing the broken lock.  That letter is attached as Exhibit A.

7.  Ms. Glaser thereafter responded to that July 6, 2005 letter indicating that she had investigated the allegation that she broke the pool gate lock and denied any responsibility for the broken lock.  A copy of the letter is attached as Exhibit B.

8. At the August 2005 meeting of the Board of Directors of the Stonecrest Condominium Association Ms. Glaser was led to believe that her letter of August 4, 2005 was brought up before the board for discussion. Thereafter, Ms. Glaser was informed by two members of the board that the matter had been considered and she was not going to be held responsible for the broken lock.

9. On or about August 17, 2005 Ms. Glaser received a letter from Stonecrest Condominiums Assn. and Kentucky Commercial Services, Inc., indicating that she owed $77.00. Ms. Glaser believed this letter to be relating to the broken lock situation. That letter contained the legally prescribed notice required by 15 U.S.C. 1962 giving Ms. Glaser notification that this was "an attempt to collect a debt" and the other additional information required to be contained in such a notice under 15 U. S. C. 1962. By including this notice information required by the provisions of 15 U. S. C. 1692, the Defendants have acknowledged that the provisions of 15 U. S. C. 1692 apply to this collection activity and further, that the Defendants are governed by the provisions of 15 U. S. C. 1692.

10. Since, Ms. Glaser had been informed by members of the condominium association board that the matter had been resolved at the August 2005 meeting, and their decision was that she was not going to be held financially responsible, she ignored that letter. She was under the belief that Kentucky Commercial Services, Inc. had probably not yet been informed of the

condominium board's decision not to hold her liable.  A copy of that letter is attached as Exhibit C.

11.   On or about September 21, 2005 Ms. Glaser was sent a second collection letter from the Defendants similar to the August 17, 2005 letter.  The September 21, 2005 letter demanded payment from Ms. Glaser in the amount of $77.00 by September 30, 2005.  This letter contained the 15 U. S. C. 1692 information notice requirements the same as the August 17, 2005 letter;  again confirming that the provision of 15 U. S. C. 1692 apply to this collection activity and that the Defendants are  governed by the provisions of 15 U. S. C. 1692.

12.   Upon receiving this letter of September  21, 2005 letter Ms. Glaser contacted Hon. Wallace N. Rogers for legal assistance.  In response to the September 21, 2005 collection letter, Mr. Rogers sent correspondence to the Defendants on or about October 6, 2005 requesting information about the alleged debt owed by Ms. Glaser.  A copy of that letter is attached as Exhibit E.

13.   Ms. Glaser did not hear anything further about this matter until she received correspondence on or about August 2, 2006 from Kentucky Commercial Services, Inc. that was in response to the October 6, 2005 letter Mr. Rogers had sent requesting information about the alleged debt.  A copy of the August 2, 2006 reply letter is attached as Exhibit F.

14.   Not only was the August 2, 2006 correspondence not a timely response to the October 6, 2005 request, it contained Ms. Glaser's August 4, 2005 response to the board president,  (See Exhibit B), wherein she denied liability or responsibility for breaking the lock.  Therefore, Kentucky Commercial

Services Inc. has been aware from the very beginning of this collection activity that Ms. Glaser has disputed this debt and denied any responsibility or liability for the broken lock.

## COUNT 1

15.   Plaintiff restates and adopts all previous information of other paragraphs previously contained here in this complaint.

16.   Based on the information set forth in the "Plaintiff's Statements of Facts" section of this Complaint, Plaintiff alleges a violation of the Fair Debt Collection Practices Act by the Defendants, in regard to the correspondence sent to her on or about August 17, 2005

17.   The August 17, 2005 letter attached as Exhibit C demands payment for Ms. Glaser "at once".  This language is clearly in violation of the provisions of 15 U. S. C. 1692, because the notice language contained in the August 17, 2005 letter gives Ms. Glaser 30 days to request information and\or dispute the debt.

18.   Plaintiff therefore requests damages be paid to her in the form of monetary compensation for the Defendants, willful knowing and/or negligent violation of the provisions of the Fair Debt Collection Practices Act.

19.   Plaintiff requests an amount of damages to compensate her for any actual loss and further Plaintiff demands an amount of punitive damages as the court may allow based on the Defendant's willful knowing and/or grossly negligent actions.  Further, Plaintiff requests that she be reimbursed the costs of bringing this action, including reasonable attorneys' fees.

## COUNT 2

20.     Plaintiff restates and adopts all previous information of other paragraphs previously contained here in this complaint.

21.     Based on the information set forth in the "Plaintiff's Statements of Facts" section of this Complaint, Plaintiff alleges a violation of the Fair Debt Collection Practices Act by the Defendants, in regard to the correspondence sent to her on or about September 21, 2005

22.     September 21, 2005 letter attached as Exhibit D demands payment for Ms. Glaser "by September 30, 2005".  This language is clearly in violation of the provisions of 15 U. S. C. 1692, because the notice language contained in the September 21, 2005 letter gives Ms. Glaser 30 days to request information and\or dispute the debt.

23.     Plaintiff therefore requests damages be paid to her in the form of monetary compensation for the Defendants, willful knowing and/or negligent violation of the provisions of the Fair Debt Collection Practices Act.

24.     Plaintiff requests an amount of damages to compensate her for any actual loss and further Plaintiff demands an amount of punitive damages as the court may allow based on the Defendant's willful knowing and/or grossly negligent actions.  Further, Plaintiff requests that she be reimbursed the costs of bringing this action, including reasonable attorneys' fees.

## COUNT 3

25.     Plaintiff restates and adopts all previous information of other paragraphs previously contained here in this complaint.

26. Based on the information set forth in the "Plaintiff's Statements of Facts" section of this Complaint, Plaintiff alleges a violation of the Fair Debt Collection Practices Act by the Defendants, in regard to the correspondence sent to her on or about August 2, 2006

27. The August 2, 2006 attached as Exhibit F is a response to October 6, 2005 request of Attorney Wallace N. Rogers concerning the alleged debt owed by Ms. Glaser. This language is clearly in violation of the provisions of 15 U. S. C. 1692, as it not timely reply to the request for information about the disputed the debt.

28. Plaintiff therefore requests damages be paid to her in the form of monetary compensation for the Defendants, willful knowing and/or negligent violation of the provisions of the Fair Debt Collection Practices Act.

29. Plaintiff requests an amount of damages to compensate her for any actual loss and further Plaintiff demands an amount of punitive damages as the court may allow based on the Defendant's willful knowing and/or grossly negligent actions.  Further, Plaintiff requests that she be reimbursed the costs of bringing this action, including reasonable attorneys' fees.

### COUNT 4

30. Plaintiff restates and adopts all previous information of other paragraphs previously contained here in this complaint.

31. Based on the information set forth in the "Plaintiff's Statements of Facts" section of this Complaint, Plaintiff alleges a violation of the Fair Debt

Collection Practices Act by the Defendants, in regard to the correspondence sent to her on or about August 2, 2006.

33. The August 2, 2006 reply letter contained a copy of the August 4, 2005 letter of Ms. Glaser, attached as Exhibit B that she sent to the condominium board president. That August 4, 2005 letter of Ms. Glaser clearly indicated that she denied responsibility for the broken lock and disputes and claim of liability.

33. Since Kentucky Commercial Services. Inc. was on notice that Ms. Glaser disputed and denied responsibility and liability for the debt (breaking the lock) at the time they sent her the first collection letter in August 2005, the notice language of 15 U. S. C. 1692 contained in that and the second collection letter of September 21, 2005 letter was false and deceptive since Kentucky Commercial Services, Inc. was already aware or should have been aware that Ms. Glaser denied responsibility and liability and thus disputed the alleged debt.

34. Plaintiff therefore requests damages be paid to her in the form of monetary compensation for the Defendants, willful knowing and/or negligent violation of the provisions of the Fair Debt Collection Practices Act.

35. Plaintiff requests an amount of damages to compensate her for any actual loss and further Plaintiff demands an amount of punitive damages as the court may allow based on the Defendant's willful knowing and/or grossly negligent actions. Further, Plaintiff requests that she be reimbursed the costs of bringing this action, including reasonable attorneys' fees.

**WHEREFORE**, Plaintiff demands relief against the Defendant as follows:

1. Under Count I and based on the factual allegations that the Defendant compensate her in terms of actual and/or punitive damages as allowed for violation of the Fair Debt Collection Practices Act.

2. That she be awarded costs including, but not necessarily limited to the reasonable attorneys' fees in bringing this action.

3. To any and all other relief to which the Plaintiff may hereby be entitled.

Respectfully submitted,

s/Wallace N. Rogers
WALLACE N. ROGERS
KRUGER, SCHWARTZ & MORREAU
Two Paragon Centre, Suite 220
6040 Dutchmans La.
Louisville, Ky. 40205
Phone: (502) 485-9200
Facsimile: (502) 485-9220
E-mail: wallace@ksm-law.com