UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CV-458-R

ALEXANDRIA GLASER                                                              PLAINTIFF

v.

KENTUCKY COMMERCIAL SERVICES
INC., ET AL                                                                    DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Alexandria Glaser's Motion for Summary Judgment (Docket #21). Defendants Kentucky Commercial Services Inc., ("KCS") and Stonecrest Condominium Association ("Stonecrest") responded to Plaintiff's motion, and have filed their own Motion for Summary Judgment. (Docket #24). Plaintiff has replied (Docket #26). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED.

### BACKGROUND

KCS was the property management company for Stonecrest Condominium Association. As the property manager, KCS was responsible for maintaining Stonecrest property. KCS also had the duty to collect fees and fines on Stonecrest's behalf.

On July 6, 2005, KCS sent a letter to Plaintiff informing her that, by request of the Stonecrest Board of Directors, KCS was charging her account $67.00 for a broken lock. She was to give the check to KCS, but it was to be made payable to Stonecrest. Plaintiff was to include the check with her next monthly dues payment.

On August 4, 2005, Plaintiff sent a letter to Stonecrest, informing the Stonecrest Board of Directors that Plaintiff was advised by legal counsel not to pay the $67.00 charge.  Plaintiff believes that her letter was discussed at the Board of Director's next meeting.  Plaintiff alleges that she was informed by two members of the board that as a result of the meeting, Plaintiff was not responsible for the $67.00.

On August 17, 2005, and September 21, 2005, Plaintiff received letters from Stonecrest and KCS, which attempted to collect the debt for the broken lock.  Plaintiff alleges that these letters violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## ANALYSIS

### I. Stonecrest

"As a matter of law, liability under . . . [the FDCPA] can only attach to those who meet the statutory definition of a "debt collector."  *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003).  The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C.A. § 1692a(6).

"The term 'debt collector' has a particular meaning, . . . it refers only to persons attempting to collect debts due 'another.'"  *MacDermid v. Discover Financial Services,* 488 F.3d 721, 734 (6th Cir. 2007).  Therefore, if a creditor is attempting to collect its own debt, it is not acting as a debt collector under the FDCPA.  *See also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003) ("the case law is well-settled on this point: a creditor is not a debt collector for the purposes of the FDCPA).

In this case, the communications that allegedly violated the FDCPA were an attempt to collect a debt owed to Stonecrest.  Any attempt by Stonecrest to collect that debt would not be an attempt to collect a debt owed to "another."  Therefore, Stonecrest cannot be a debt collector

under the FDCPA.  As only a debt collector may be liable under the FDCPA, Stonecrest is entitled to judgment as a matter of law.

## II.  KCS

KCS was attempting to collect a debt that was asserted to be owed to Stonecrest.  KCS argues that even though it was attempting to collect the debt of another, it still does not fall under the statutory definition of "debt collector."

KCS's principle business is the management of property, and not the collection of debts.  However, KCS admits that a part of its duty is to collect regular maintenance fees and fines on behalf of Stonecrest.  Therefore, KCS may fall under the statutory definition "debt collector" in that it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" § 1692a(6).

However, this is not the end of the Court's analysis.  Under the FDCPA, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

KCS began its collection efforts of the disputed debt on July 6, 2005.  The Stonecrest Board of Directors ordered KCS to collect the debt sometime before July 6, 2005.  The debt was to be paid with Plaintiff's next monthly dues payment.  As the debt was not due when KCS began to service the debt on Stonecrest's behalf, the debt could not have been in default at that time.

The letters at issue in this case are KCS's collection efforts concerning a debt that was not in default at the time KCS obtained the debt for servicing.  Therefore, KCS is not a debt

collector under the FDCPA, and is entitled to judgment as a matter of law. *See Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 107 (6th Cir. 1996) (holding that even if defendant attempted to collect the debt of another, defendant was not a debt collector under the FDCPA if the debt was not in default at the time defendant obtained the debt for servicing).

## CONCLUSION

For the above reasons, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.